UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | 3:22-cr-00036-TSL-FKB |
| | ) | |
| THOMAS W. DOUGLAS, JR. and | ) | |
| JOHN S. WELCH, SR. | ) | |

ORDER

The government has moved to preclude alibi, public
authority and entrapment by estoppel defenses at trial.
Defendants Thomas W. Douglas, Jr. and John S. Welch, Sr. have
responded in opposition.  The court rules, in part, as follows.

Federal Rule of Civil Procedure 12.1 states that within 14
days after a request by the government for notice of a
defendant's alibi defense, "the defendant must serve written
notice on an attorney for the government of any intended alibi
defense," which shall include "each specific place where the
defendant claims to have been at the time of the alleged
offense; and … the name, address, and telephone number of each
alibi witness on whom the defendant intends to rely."  The
government objects that defendant Welch should be precluded
because his notice of alibi defense under Rule 12.1 was not
timely submitted.  The court will deny this part of the

1

government's motion.  Welch's failure to file his notice in a timely manner was the product of oversight, and the government received the notice in ample time to prepare to meet the defense and therefore is not prejudiced by Welch's delay in providing notice.

Rule 12.3 states that "[i]f a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets." The notice must identify "(A) the law enforcement agency or federal intelligence agency involved; (B) the agency member on whose behalf the defendant claims to have acted; and (C) the time during which the defendant claims to have acted with public authority."

On July 21, 2023, in response to a request by the government, Douglas filed a Rule 12.3 notice.  The notice listed the "law enforcement agencies involved" as:

Mississippi Department of Environmental Quality
Severn Trent Environmental Services on behalf of the
City of Jackson, Mississippi

> United Water Environmental Services, Inc., on behalf of the City of Jackson, Mississippi
>
> Veolia North America on behalf of the City of Jackson, Mississippi.

It identified "the agency members on whose behalf the defendant claims to have acted" as Toby Cook, Jim Wolfe, and employees of United Water/Veolia whose names Douglas was seeking to obtain. As for "the time during which the defendant claims to have acted with public authority," the notice stated, "At all times after May 11, 2000."  Welch filed a notice, albeit untimely, on August 15, echoing the information in Douglas' notice.

In response to the government's objection to the sufficiency of Douglas' notice and request for additional information, including "the specific language and dates of any oral and/or written statement(s) upon which [Mr. Douglas] claims to have relied," Douglas submitted a Rule 12.3 "disclosure." Therein, he advised that he is not asserting a public authority defense but is asserting a defense of entrapment by estoppel.[1] He provided addresses and phone numbers for Toby Cook and Jim

---

[1]    While Rule 12.3 does not by its terms require notice of an entrapment by estoppel defense but rather refers only to the defense of public authority, courts generally have held that due to the similarity of the two defenses, the rule also requires notice of an entrapment by estoppel defense.  See 1A Fed. Prac. & Proc. Crim. § 212 (5th ed.) ("Although Rule 12.3 is entitled simply 'Notice of Public Authority Defense,'" the Rule's notice requirements apply to both public authority and entrapment by estoppel claims.").

Wolfe, with whom he reported he had "interacted ... regarding some of the facts alleged in the Indictment while [Cook] was working in the MDEQ Environmental Permits Division," and "while [Wolfe] was working for Severn Trent Environmental Services Inc. in and around 2000." Douglas stated he was still seeking to obtain the names of the United Water/Veolia employees needed to establish his defense. Finally, while denying any obligation under Rule 12.3 to disclose the substance of his defense, Douglas directed the government to "Exhibits D6 through D-9 identified in Pretrial Order" in related civil litigation with the City of Brandon.

In response, the Government promptly filed a motion in limine seeking to preclude defendants from presenting evidence of public authority and/or entrapment by estoppel defenses at trial, both because defendants' notices were inadequate and because the facts defendants assert as the basis for these defenses do not establish the elements of the defenses.

The government's motion is granted as to any public authority defense.[2] This affirmative defense "is available when the defendant is engaged by a government official to participate

---

[2]    The court recognizes that in his Rule 12.3 disclosure, Douglas disavowed any intention to assert a public authority defense. However, as there is no acknowledgement of this in his response to the government's motion, the court will address the defense.

or assist in covert activity." United States v. Spires, 79 F.3d 464, 466 n.2 (5th Cir. 1996) (citing United States v. Achter, 52 F.3d 753, 755 (8th Cir. 1995), which states, "'Public authority' has been described as an affirmative defense where the defendant seeks exoneration based on the fact that he reasonably relied on the authority of a government official to engage him in covert activity.").  Defendants do not claim to have been engaged by a government official to assist or participate in covert criminal activity; therefore, the public authority defense is inapplicable.

The government's motion as to defendants' proposed entrapment by estoppel defense will be granted in part at this time.  This defense "is applicable when a government official or agent actively assures a defendant that certain conduct is legal and the defendant reasonably relies on that advice and continues or initiates the conduct." Spires, 79 F.3d at 466.  The defense is a "narrow exception to the general rule that ignorance of the law is no excuse." Id.  The Fifth Circuit has stressed that "mere approval by a government official is insufficient to entitle defendants" to this defense; rather, the defense requires an "affirmative representation by a government official" or agent. United States v. Hungerford, No. 21-30359, 2023 WL 8179273, at *8 (5th Cir. Nov. 27, 2023, 2023) (citations omitted).  See also United States v. Treviño-Martinez, 86 F.3d

65, 69 (1996) ("the government must actively mislead the defendant ...")

Further, "[t]o rely on the defense [of entrapment by estoppel] when charged with a federal crime, [the defendant] must be able to show he reasonably relied on the advice of a federal government official or authorized agent of the federal government who was 'empowered to render the claimed erroneous advice.'" United States v. Hale, 685 F.3d 522, 542–43 (5th Cir. 2012) (quoting Spires, 79 F.3d at 467). See also United States v. Brebner, 951 F.2d 1017, 1027 (9th Cir. 1991) ("[A] defendant is required to show reliance either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government who ... has been granted the authority from the federal government to render such advice.").

Douglas has identified Jim Wolfe, an employee of Severn Trent Environmental Services Inc., "on behalf of the City of Jackson," and unidentified (to date) employees of United Water Environmental Services, Inc., "on behalf of the City of Jackson," as persons on whose statements he relied. As the basis for his contention that these individuals are federal government agents for purposes of his entrapment by estoppel defense, Douglas reasons as follows:  The Environmental

6

Protection Agency (EPA), the responsible federal agency under the Clean Water Act, has delegated to the state of Mississippi authority to administer many aspects of the Clean Water Act, including discharges into sewer systems, as provided in 40 C.F.R. § 403.10(e); Mississippi Department of Environmental Quality (MDEQ) is the designated control authority for Mississippi.  Pursuant to MDEQ regulations, wastewater treatment plant operators are "in charge of wastewater facilities" and required to be certified by MDEQ, which certification requires that they be "thoroughly familiar with all monitoring and reporting requirements mandated by the facility's permit" and "shall ensure said facility complies with those requirements." Severn Trent Environmental Services, United Water Environmental Services, Inc., and Veolia North America, contractors on behalf of the City of Jackson responsible for the operation and maintenance of the City's wastewater treatment plants, were thus required to be knowledgeable with the reporting and monitoring requirements mandated by JWTS's NPDES permit.  Clearly, however, employees of a private company hired by the City of Jackson to operate and maintain the City's wastewater treatment plant are not agents of the federal government, with authority from the federal government to render legal advice on the requirements of federal law applicable to industrial users, merely because such persons are required by MDEQ regulations to be familiar with

7

monitoring and reporting requirements applicable to the City's treatment plant under an NPDES permit.  Defendants' arguments to the contrary are rejected and it is, therefore, ordered that defendants shall be precluded from presenting an entrapment by estoppel defense based on representations or assurances by any such individuals.

The government apparently acknowledges that Toby Cook, an employee of MDEQ, was, or may have been an authorized government official for purposes of satisfying that element of defendants' proposed entrapment by estoppel defense.  The government asserts, however, that defendants should be precluded from asserting the defense based on statements by Cook because neither has identified in his Rule 12.3 notice or, as to Douglas, in his supplemental disclosure, any statement by Cook on which he allegedly reasonably relied.  The government asserts that while Douglas' supplemental disclosure did direct the government to exhibits from related civil litigation in which the statements could supposedly be found, it has searched through the 120 pages of documents contained in these exhibits and yet found "[no] direct communications between Toby Cook, any MDEQ or EPA employees, or other public officials and any of the defendants."  The government contends that defendants' Rule 12.3 notices are deficient as they do not disclose whether Cook made any communications directly to either of them; when any such

communications occurred; the specific conduct Cook allegedly stated was legal; and whether Cook was authorized to make such representations at the time. It thus contends that defendants should be precluded from asserting an entrapment by estoppel defense, or at a minimum, should be required to supplement their Rule 12.3 disclosures and/or provide a pretrial offer of proof to determine whether the alleged communication(s) would or could be the basis for an entrapment by estoppel defenses.

Douglas argues in response that his notice satisfies the minimum notice requirements of Rule 12.3, and that ultimately, if will be for the jury to decide whether he has put forth sufficient evidence to show that he reasonably relied on the assurances of a government official or agent that his actions were legal. However, in the absence of direct, affirmative assurance by a government agent that a defendant's relevant conduct was legal, then can be no defense of entrapment by estoppel. Particularly given the government's representation in its motion that it has been unable to locate any statement or communication by Cook with either defendant in the materials identified by Douglas as containing the statements on which Douglas relied, and given Douglas' failure to provide insight or direction in this regard, the court hereby orders that on or before January 23, 2024, a defendant who intends to assert an entrapment by estoppel defense based on statements/assurances by

9

Toby Cook shall provide notice to the government and the court of the date, substance and manner of any such specific statements/assurances.[3]

SO ORDERED this 19th day of January, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[3]     Preliminary Instruction D-4 submitted by Douglas recites:

> Defendants could legally rely on MDEQ's longstanding administrative construction and application of regulatory requirements for permits. This requires that a defendant present evidence that he justifiably relied on MDEQ's longstanding administrative construction and application of regulatory requirements for permits and was, therefore, affirmatively misled into believing that the discharges in question were not a violation.

This instruction appears to suggest an estoppel-type defense. Obviously, given the Fifth Circuit's articulation of the entrapment by estoppel defense, proof of reliance on MDEQ's "lonqstanding administrative construction and application of regulatory requirements," would not support a defense of entrapment by estoppel, which requires direct, affirmative assurances. It is questionable whether this is a cognizable defense under the law. The court does not view the cases cited by Douglas as fully supporting this purported statement of the law. Although not the subject of any pending motion, the parties should nevertheless be prepared to address at the motion hearing whether, and if so under what circumstances, evidence of reliance on an agency's "longstanding administrative construction and application of [its] regulatory requirements" would constitute a defense, or alternatively, could potentially be relevant to negate intent.